UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID J. WISE, | ) |
|           Plaintiff | ) |
| vs. | ) CAUSE NO. 1:10-CV-133 RM |
| MARK STEFANATOS, STEVE SCOTT, LELAND SMITH, JASON THOMAS, DREW TITTLE, JOSHUA PRICE, JOE FORTNER, RICHARD EUSTES, JOSH ZIGLER, and WARREN DAILEY, | ) |
|           Defendants | ) |

## OPINION and ORDER

This cause is before the court on the defendants' motion to dismiss David Wise's claims against them. Mr. Wise has alleged, under 42 U.S.C. § 1983, that his Fourth Amendment rights were violated by the ten named officers of the Marion, Indiana, Police Department who undertook an unreasonable search and seizure and used excessive force against him. The defendants argue that Mr. Wise's amended complaint doesn't state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); alternatively, they ask that this case be stayed pending resolution of criminal charges against Mr. Wise in the City Court of Marion, Indiana. Despite being advised of his obligation to respond to the defendants' motion, Mr. Wise hasn't filed a response, and the time doing so has passed. The court concludes that the motion must be granted in part.

Under Federal Rule of Civil Procedure 8(a), a complaint must set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Mr. Wise alleges in his amended complaint that in April 2010 (i) he went to his cousin's house, (ii) while there he heard a knock on the door, (iii) he went to the door and looked through the peephole, (iv) he reported to his cousin that the police were at the door, although the people outside the door didn't identify themselves as police officers, (v) he saw an officer raise his leg to kick the door, (vi) he and his cousin were ordered by the police to get on the ground, (vii) he was kicked by Officer Joe Fortner, and (viii) he doesn't remember anything else until he later woke up in jail. Mr. Wise asks the court to "dismiss the charge that has come to the plaintiff" and award him damages.

*Defendants' Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When challenged by a motion to dismiss, the complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the issue

2

in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

In their supporting memorandum, the defendants have supplied many more details about the incident at issue than those found in Mr. Wise's amended complaint. Mr. Wise has alleged that he was kicked by Officer Fortner and later awoke in jail; the defendants say a physical altercation occurred between Mr. Wise and Officers Eastes, Fortner, Zigler, Dailey, and Price during the incident at issue and Mr. Wise was arrested. Thus, the court is unable at this stage in the proceedings to make a determination of whether Mr. Wise's arrest was lawful or whether the force used by those officers was unreasonable or amounted to excessive force and so can't conclude that the officers involved in the incident are entitled to qualified immunity or that Mr. Wise couldn't prove facts that would entitle him to relief against Officers Eastes, Fortner, Zigler, Dailey, and Price.

The defendants maintain that Officers Scott, Stefanatos, Smith, Tittle, and Thomas weren't involved in the incident and, in fact, arrived at the area after Mr. Wise was arrested and escorted from the scene. To recover for damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal involvement in the alleged constitutional deprivation. Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010). Mr. Wise named Steve Scott, Mark Stefanatos, Leland Smith, Drew Tittle, and Jason Thomas as defendants, but his complaint makes no allegations of any

actions taken by them, and Mr. Wise hasn't challenged those officers' claim that they weren't present at or personally involved in the incident in question. Officers Scott, Stefanatos, Smith, Tittle, and Thomas are entitled to have Mr. Wise's claims against them dismissed.

*Relief Sought by Mr. Wise*

Mr. Wise can't have state charges dismissed in an action under 42 U.S.C. § 1983. He must challenge or pursue dismissal of any such charge through the state court system, which might include raising issues at trial or in a post-conviction motion and appealing any adverse decision to the Indiana Court of Appeals and/or the Indiana Supreme Court. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1998); In re Campbell, 264 F.3d 730, 731-732 (7th Cir. 2001). Even though Mr. Wise might be entitled to monetary damages on his claims in this action (an issue the court doesn't decide here), he isn't entitled to the other relief he seeks – that state charges against him be dismissed because of an alleged illegal search and seizure or use of excessive force – and the defendants' motion to dismiss that portion of the amended complaint must be granted.

*Motion to Stay*

The defendants have submitted documents showing that Mr. Wise has a trial date of October 21 in the Marion City Court, and the documents Mr. Wise attached to his amended complaint include a "Motion to Dismiss For a Illegal

4

Search Seized," which was filed in the Marion City Court action pending against him. Because the issue of an illegal search and seizure was raised in the state criminal prosecution, this matter can't proceed without interfering with the state court action. The defendants' request that this action be stayed pending resolution of the state court proceedings is granted. *See* Trevino v. Tittle, No. 1:09-CV-248, 2009 WL 3153754, at *2 (N.D. Ind. Sept. 22, 2009) (*citing* Younger v. Harris, 401 U.S. 37, 53 (1971)).

*Conclusion*

Based on the foregoing, the court

(1) GRANTS in part and DENIES in part the defendants' motion to dismiss [docket # 25] as follows:

    (a) the motion is GRANTED as to defendants Steve Scott, Mark Stefanatos, Leland Smith, Drew Tittle, and Jason Thomas;

    (b) the motion is DENIED as to defendants Joshua Price, Joe Fortner, Josh Zigler, Richard Eustes, and Warren Dailey; and

    (c) the motion is GRANTED insofar as Mr. Wise asks in his prayer for relief that the state court charges against him be dismissed.

(2) GRANTS the defendants' alternative request that this action be STAYED pending resolution of Mr. Wise's charges in Marion, Indiana.

The clerk of the court is ORDERED to mark this action closed for statistical purposes. It is further ORDERED that the court shall retain jurisdiction, and this case shall be restored to the trial docket upon motion of a party if circumstances change so that it may proceed to final disposition. This order shall not prejudice the rights of the parties to this litigation.

SO ORDERED.

ENTERED: <u>  October 8, 2010  </u>

<u>  /s/ Robert L. Miller, Jr.  </u>
Judge, United States District Court

cc:    D. Wise
       W. Uhl